UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X

DASHIEL GABLES,

                    Plaintiff,

-against-

TREVOR SMITH a/k/a BUSTA RHYMES,
STARBUS LLC,

                    Defendants.

--------------------------------------------------------X

Case No.: _____

**COMPLAINT**

**JURY TRIAL DEMANDED**

       Plaintiff DASHIEL GABLES ("Plaintiff" or "Gables"), by his attorneys, hereby complains of Defendants TREVOR SMITH a/k/a BUSTA RHYMES ("Busta Rhymes") and STARBUS LLC ("Starbus") and alleges as follows:

## NATURE OF THE ACTION

       1.     This is an action for wage and hour violations, assault, battery, and intentional infliction of emotional distress arising under federal and state law, including the Fair Labor Standards Act ("FLSA") and various state employment and tort laws.

## JURISDICTION AND VENUE

       2.     This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

       3.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this district and/or a substantial part of the events giving rise to the claims occurred in this district.

## JURY DEMAND

       4.     Plaintiff demands a trial by jury on all issues so triable.

## PARTIES

5.      At all times material, Plaintiff is an individual residing in New York.

6.      At all times material, Defendant Trevor Smith a/k/a Busta Rhymes is an individual residing in Brooklyn, New York, within this judicial district.

7.      At all times material, Defendant Starbus LLC is a domestic limited liability company organized under the laws of the State of New York, with its principal place of business in New York.

8.      At all times material, and upon information and belief, Starbus LLC is the corporate entity that owns and operates Busta Rhymes' business interests and is responsible for paying employees who perform work for Busta Rhymes.

9.      At all times material, Defendants jointly employed Plaintiff as a personal assistant to Busta Rhymes.

10.     Upon information and belief, Busta Rhymes and Starbus LLC generate at least $500,000 in revenue each year.

11.     At all relevant times, Defendants and their employees, including Plainff,  traveled to and among several states to perform at concerts and to make professional appearances.

12.     Upon information and belief, Busta Rhymes is a controlling member of Starbus LLC and is responsible for the operations of Starbus LLC.

13.     Upon information and belief, Busta Rhymes has the power and authority over personnel decisions of Starbus LLC.

14.     Upon information and belief, Busta Rhymes has the authority to hire and fire employees and to establish, pay wages and set work schedules.

15.     Upon information and belief, the Defendants are employers within the meaning of the FLSA and the New York labor law.

## STATEMENT OF FACTS

**Plaintiff's Career in the Hip-Hop Music Industry**

16.     For nearly his entire working life, Plaintiff has worked in the hip-hop music industry, including as an assistant to various recording artists and entertainment industry professionals.

17.     Plaintiff built his career and professional reputation through years of dedicated service in the hip-hop music industry, developing specialized skills and industry connections essential to his livelihood.

18.     The hip-hop music industry is a relatively small, tight-knit community where professional reputation and word-of-mouth recommendations are critical to obtaining employment opportunities.

19.     Prior to his employment with Defendants, Plaintiff had maintained a good reputation in the industry and was able to secure steady employment based on his experience and professional relationships.

**Employment with Defendants**

20.     On or about July 2, 2024, Defendants hired Plaintiff as a Personal Assistant to Busta Rhymes at a rate of $200 a day.

21.     Upon Plaintiff taking the position, his colleagues placed wagers on how long Plaintiff would last in the position, with all believing he would quit within the first 60 days due to Busta Rhymes' reputation for mistreating employees.

22.     As rumored to Plaintiff, the previous Personal Assistant quit abruptly in tears after Busta Rhymes demanded he unclog Busta Rhymes' toilet without a plunger, forcing him to clear the clogged toilet by hand.

**Pattern of Abusive Conduct and Hostile Work Environment**

23.     During Plaintiff's tenure, Busta Rhymes routinely degraded, screamed at, and made unreasonable demands of Plaintiff and other employees.

24.     Examples of Busta Rhymes' abusive conduct include but are not limited to: a. Demanding Plaintiff and other employees remove rings from his hand; b. Threatening plaintiff and other employees by saying he would "bloody your face" and get "street justice"; c. Demanding drivers run red lights and speed, while Plaintiff was in the vehicle, then threatening to dock employees' pay for resulting traffic tickets; d. Requiring Plaintiff to purchase Grey Goose vodka and Kool cigarettes with his own money, then failing to reimburse him timely; e. Forbidding Plaintiff from making small talk with waiters and others when dining out, stating "Don't talk to them. You're here for one thing; to get me food"; f. Physically assaulting Plaintiff and other employees when upset, including spitting in their faces, smacking the back of their heads, and grabbing their clothes; g. Routinely calling Plaintiff and other employees on their days off, demanding they retrieve clothing or perform other menial tasks.

25.     Busta Rhymes routinely degraded and demeaned Plaintiff in front of others by referring to him as "Faggot", and by making fun of Plaintiff's poor hearing and telling him to "get a hearing aid".

**Wage and Hour Violations**

26.     Defendants improperly classified Plaintiff and, upon information and belief, other employees, as "salaried" independent contactors to avoid paying overtime compensation and other employee benefits.

27.     Defendants routinely demanded Plaintiff work 15-, 16-, and 18-hour days.

28.     From around July 3, 2024 until around September 3, 2024, Plaintiff accompanied Busta Rhymes while he was "on-tour" and routinely worked for Defendants from around 3 PM until around 6 AM, 7 days a week.

29.     From around September 3, 2024 until January 10, 2025, Plaintiff worked for Defendants from approximately 2 PM until 8:30 AM.

30.     Busta Rhymes would demand Plaintiff accompany him to clubs late into the night and stay to "get his cigars" and perform other menial tasks.

31.     Defendants never compensated Plaintiff for overtime hours worked in excess of 40 hours per week.

32.     Defendants never compensated Plaintiff for time spent traveling with Busta Rhymes, both internationally and domestically.

33.     Plaintiff's working day would begin when Busta Rhymes woke up and end when he went to sleep. Defendants did not provide Plaintiff with designated breaks during his shifts.

34.     Defendants failed to provide Plaintiff with proper wage statements as required by law.

35.     Defendants failed to provide Plaintiff with a wage notice when he began his employment.

36.     As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, plaintiff suffered a concrete harm, resulting from Plaintiff's' Lack of knowledge about the rate of pay he was receiving and/or should have been receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, was unable to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with federal and state law – which he was not.

37.     Furthermore, Defendants' willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rate of pay, and determine if he was being paid the minimum wage and time and a half for his overtime hours as required by federal and New York State law.

**The Assault and Battery**

38.     On or about January 10, 2025, at approximately 4:00 AM, Busta Rhymes, Plaintiff, and a co-worker drove to Busta Rhymes' residence in Brooklyn, New York in Defendants' SUV.

39.     Plaintiff exited the SUV and went into the lobby to retrieve a luggage cart for Busta Rhymes' belongings, including a catering-sized pan of chicken.

40.     When Busta Rhymes and the co-worker entered the lobby, Busta Rhymes immediately began screaming at Plaintiff for not yet bringing in the pan of chicken, despite Plaintiff's explanation that he intended to load it onto the luggage cart with the other items.

41.     While this was going on, Plaintiff received a call from his minor daughter. Concerned that his daughter might need him at such a late hour, but knowing Busta Rhymes' rule against taking phone calls in his presence, Plaintiff declined the call but sent a text message to his daughter.

42.     This sent Busta Rhymes into a rage. He screamed "Stay the fuck off your phone." When Plaintiff explained it was his daughter, Busta Rhymes responded, "Don't tell me about your fucking kid, what the fuck that gotta do with me?"

43.     When Plaintiff responded that it could have been an emergency, Busta Rhymes asked "are you talking while I'm talking?" and then, with a closed fist, punched Plaintiff in the face.

44.     Plaintiff was stunned and froze, attempting to process what had just happened.

45.     Busta Rhymes then punched Plaintiff in the face a second time with a closed fist.[1]

46.     Plaintiff walked away, causing Busta Rhymes to become even more enraged. Busta Rhymes screamed at Plaintiff and demanded he "stand right here," pointing directly in front of him.

47.     When Plaintiff did not comply,  Busta Rhymes continued screaming like a petulant child.

**Constructive Termination and Aftermath**

---

[1] Upon information and belief, and has been reported in the media, this was not the first time that Busta Rhymes assaulted an employee. See Guardian.com article dated January 24, 2008, "Busta Rhymes pleads guilty to assault and drink-driving", https://www.theguardian.com/music/2008/jan/24/urban.internationalcrime ("Rhymes, 35, was also given a fine and sentenced to community service over four incidents, which ranged from beating a former chauffeur of his to attacking a fan who allegedly spat on his car.") (emphasis added). See also https://www.nme.com/news/music/busta-rhymes-34-1363557, article dated March 24, 2004, "BUSTA RHYMES CONVICTED ON ASSAULT RAP-*The star pleads no contest after being accused of threatening a fan.*" and https://www.theguardian.com/us-news/2015/aug/06/busta-rhymes-arrested-after-allegedly-throwing-protein-drink-gym-worker, article dated August 6, 2015, "Busta Rhymes arrested after allegedly throwing protein drink at gym worker".

48.     On or about January 10, 2025, Defendants constructively terminated Plaintiff's employment by repeatedly punching him in the face.

49.     While Plaintiff tolerated a great deal of abuse while working for Busta Rhymes, he could not tolerate the repeated physical assault and was unable to return to work.

50.     Following the assault, Plaintiff was transported to the hospital where he was treated for bruising and swelling on his face.

51.     Plaintiff filed a police report regarding the assault.

**Industry Blacklisting**

52.     As a direct result of the assault and Plaintiff's filing of a police report, Plaintiff has been frozen out of the hip-hop music industry.

53.     Despite his years of experience and previously good reputation in the industry, no one in the hip-hop music industry will hire Plaintiff.

54.     Word of the assault and Plaintiff's complaint against Busta Rhymes has spread throughout the tight-knit hip-hop community, resulting in Plaintiff being effectively blacklisted from employment opportunities in his chosen field.

55.     This industry-wide retaliation has devastated Plaintiff's career prospects and ability to earn a living in the only industry in which he has worked.

56.     The blacklisting has caused and continues to cause Plaintiff severe economic harm, preventing him from obtaining employment in his field of expertise and forcing him to seek work in other industries at significantly reduced wages.

57.     Based on Plaintiff's prior earning history and career trajectory in the hip-hop industry, Plaintiff faces substantial future lost wage damages as a result of being blacklisted from the industry.

## FIRST CAUSE OF ACTION
### Violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

58.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

59.     At all times relevant, Defendants were employers engaged in interstate commerce within the meaning of the FLSA. For example, Busta Rhymes travels among numerous states to perform and make personal appearances as a hip-hop artist.

60.     At all times relevant, Plaintiff was an employee within the meaning of the FLSA.

61.     Defendants willfully violated the FLSA by failing to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for hours worked in excess of forty hours per workweek.

62.     As a result of Defendants' violations, Plaintiff is entitled to recover unpaid overtime wages, liquidated damages, reasonable attorneys' fees, and costs.

## SECOND CAUSE OF ACTION
### New York Labor Minimum Wage and Overtime Violations

63.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

64.     Defendants violated New York Labor Law § 190 et seq. by failing to pay the applicable minimum wage and overtime wages for hours worked in excess of forty hours per week.

65.     As a result of these violations, Plaintiff is entitled to recover unpaid wages, liquidated damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION
### New York Labor Law Wage Notice and Wage Statement Violations

66.     Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

67.    Defendants violated New York Labor Law § 195 by failing to provide Plaintiff with proper wage statements listing regular and overtime rates, hours worked, gross wages, deductions, and net wages.

68.    Defendants violated New York Labor Law § 195 by failing to provide Plaintiff with a wage notice at the time of hiring or at any time thereafter.

69.    As a result of these violations, Plaintiff is entitled to recover statutory damages and reasonable attorneys' fees and costs.

### FOURTH CAUSE OF ACTION
### Failure to Pay Spread of Hours Pay (New York Labor Law)

70.    Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

71.    Under New York Labor Law § 161, employees who work a spread of hours exceeding ten hours in a day are entitled to receive one additional hour of pay at the basic minimum hourly wage rate.

72.    Throughout Plaintiff's employment, Defendants routinely required Plaintiff to work spreads of hours exceeding ten hours per day.

73.    As alleged above, Plaintiff typically worked a spread of hours of least ten hours each day that he worked for Defendants.

74.    Defendants willfully failed to pay Plaintiff the required spread of hours premium pay for each day he worked more than ten hours.

75.    As a result of Defendants' violations of New York Labor Law § 161, Plaintiff is entitled to recover unpaid spread of hours pay, liquidated damages, attorneys' fees, and costs.

## FIFTH CAUSE OF ACTION
### Assault and Battery (Against Busta Rhymes Individually)

76. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

77. Defendant Busta Rhymes assaulted Plaintiff by intentionally causing him to reasonably apprehend imminent harmful or offensive contact.

78. Defendant Busta Rhymes battered Plaintiff by intentionally causing harmful and offensive physical contact without Plaintiff's consent, specifically by punching Plaintiff in the face twice with a closed fist.

79. As a result of the assault and battery, Plaintiff suffered physical injury, pain, emotional distress, medical expenses, and other damages, in an amount to be determined.

## SIXTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress (Against Busta Rhymes Individually)

80. Plaintiff repeats and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

81. Defendant Busta Rhymes intentionally engaged in extreme and outrageous conduct that exceeded all bounds of decency tolerated in a civilized society.

82. Busta Rhymes' conduct included, but was not limited to: routinely degrading and screaming at Plaintiff; making unreasonable and demeaning demands; physically assaulting Plaintiff by punching him in the face twice; and creating conditions that led to Plaintiff being blacklisted from his chosen profession.

83. Busta Rhymes knew or should have known that his conduct would cause severe emotional distress to Plaintiff.

84.    As a direct and proximate result of Busta Rhymes' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress, including but not limited to anxiety, depression, humiliation, and loss of self-esteem.

85.    As a further direct and proximate result of Busta Rhymes' conduct, Plaintiff has been blacklisted from the hip-hop music industry, his chosen profession and the only field in which he has worked throughout his career.

86.    The industry blacklisting has caused Plaintiff to suffer substantial past and future lost wage damages, as he is unable to obtain employment in his field of expertise and must seek work in other industries at significantly reduced compensation.

87.    Plaintiff's future lost wage damages include the difference between what he would have earned continuing his career in the hip-hop industry versus what he is able to earn in alternative employment, calculated over his remaining work-life expectancy.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, jointly and severally, as follows:

A. Awarding Plaintiff compensatory damages for unpaid minimum wage, overtime wages and other wage and hour violations;

B. Awarding Plaintiff liquidated damages as provided by the FLSA and New York Labor Law;

C. Awarding Plaintiff compensatory damages for past lost wages and benefits;

D. Awarding Plaintiff compensatory damages for future lost wages due to industry blacklisting;

E. Awarding Plaintiff compensatory damages for physical injuries, pain and suffering, and medical expenses;

F. Awarding Plaintiff compensatory damages for severe emotional distress, mental anguish, and loss of enjoyment of life;

G. Awarding Plaintiff punitive damages against Defendant Busta Rhymes for his willful, wanton, and malicious conduct;

H. Awarding Plaintiff pre- and post-judgment interest;

I. Awarding Plaintiff reasonable attorneys' fees and costs as provided by law;

J. Granting such other and further relief as this Court deems just and proper.

Dated: Lake Success, New York
      August 1, 2025

                                    _____
                                      Avrohom Gefen, Esq.
                                      Andrew A. Kimler, Esq.
                                      Vishnick McGovern Milizio LLP
                                      3000 Marcus Avenue, Suite 1E9
                                      Lake Success, NY  11042
                                      Tel.    (516) 437-4385
                                      *Co-counsel for Plaintiff*

                                      _____
                                      Mark A. Panzavecchia
                                      Panzavecchia & Associates, PLLC
                                      1000 Franklin Ave., Suite 204
                                      Garden City, N.Y. 11530
                                      Tel: (516) 776-9494
                                      *Co-counsel for Plaintiff*