**KAUFF MCGUIRE & MARGOLIS LLP**
**810 Seventh Avenue, 33rd Floor**
**New York, NY 10019**
**(212) 644-1010 (Tel)**
**(212) 644-1936 (Fax)**
***Attorneys for Defendants Trevor Smith and***
***Starbus LLC***

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DASHIEL GABLES,<br><br>                              Plaintiff,<br><br>              -against-<br><br>TREVOR SMITH a/k/a BUSTA RHYMES and<br>STARBUS LLC,<br><br>                              Defendants. | Case No.  1:25-cv-04328 (MMH)<br><br>**ANSWER ON BEHALF OF**<br>**TREVOR SMITH AND**<br>**STARBUS LLC** |

        Defendants Trevor Smith and Starbus LLC ("Defendants"), by their attorneys, Kauff McGuire & Margolis LLP, as and for its answer to the Complaint (the "Complaint"), plead as follows:

## NATURE OF THE ACTION

        1.      Paragraph 1 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 1 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

        2.      Paragraph 2 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 2 may be deemed to set

forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 3 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 3 of the Complaint.

### JURY DEMAND

4.      Paragraph 4 of the Complaint contains legal conclusions to which no responsive pleading is required.

### PARTIES

5.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

6.      Defendant Smith admits the allegations contained in paragraph 6 of the Complaint.

7.      Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.      Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.      Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10.     Defendants deny the allegations set forth in paragraph 10 of the Complaint.

11.    Defendants deny the allegations set forth in paragraph 11 of the Complaint, except admit that Defendant Trevor Smith a/k/a Busta Rhymes traveled between states to make personal appearances and perform at concerts at times relevant to the Complaint.

12.    Defendants deny the allegations set forth in paragraph 12 of the Complaint, except admit that Defendant Trevor Smith a/k/a Busta Rhymes is a controlling member of Starbus LLC.

13.    Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.    Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15.    Paragraph 15 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 15 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 15 of the Complaint.

**STATEMENT OF FACTS**

**Plaintiff's Career in the Hip-Hop Music Industry**

16.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint. To the extent that

3

paragraph 17 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 17 of the Complaint.

18.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint. To the extent that paragraph 18 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 18 of the Complaint.

19.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint. To the extent that paragraph 19 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 19 of the Complaint.

**"Employment with Defendants"**

20.    Defendant denies the allegations contained in paragraph 20 of the Complaint, except admit that Plaintiff served as Busta Rhymes assistant beginning on or about July 2, 2024, and was paid $1500/week.

21.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint. To the extent that paragraph 21 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 21 of the Complaint.

22.    Defendants deny the allegations contained in paragraph 22 of the Complaint.

23.    Defendants deny the allegations contained in paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in paragraph 25 of the Complaint.

**Wage and Hour Allegations**

26.    Defendants deny the allegations contained in paragraph 26 of the Complaint.

27.    Defendants deny the allegations contained in paragraph 27 of the Complaint.

28.    Defendants deny the allegations contained in paragraph 28 of the Complaint, except admit that Plaintiff accompanied Defendant "on tour" during July and August 2024.

29.    Defendants deny the allegations contained in paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in paragraph 30 of the Complaint.

31.    Defendants deny the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of the Complaint.

34.     Paragraph 34 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 34 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 34 of the Complaint.

35.     Defendants deny the allegations contained in paragraph 35 of the Complaint.

36.     Paragraph 36 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 36 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 37 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 37 of the Complaint.

**Assault Allegations**

38.     Defendants deny the allegations contained in paragraph 38 of the Complaint, except admit that Defendant Busta Rhymes, Plaintiff and another individual drove to Rhymes' residence in Brooklyn in the early morning hours on January 10, 2025.

39.     Defendants deny the allegations contained in paragraph 39 of the Complaint, except admit that Plaintiff retrieved a luggage cart from the lobby of Defendant Rhymes' residence upon arriving on January 10, 2025.

40.     Defendants deny the allegations contained in paragraph 40 of the Complaint.

41.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint. To the extent that paragraph 41 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 41 of the Complaint.

42.     Defendants deny the allegations contained in paragraph 42 of the Complaint.

43.     Defendants deny the allegations contained in paragraph 43 of the Complaint.

44.     Defendants deny the allegations contained in paragraph 44 of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint concerning Plaintiff's mental state.

45.     Defendants deny the allegations contained in paragraph 45 of the Complaint, including those contained in the footnote.

46.     Defendants deny the allegations contained in paragraph 46 of the Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of the Complaint.

**Plaintiff's Alleged Constructive Termination**

48.     Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint concerning Plaintiff's alleged hospital visit.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

**Alleged Industry Blacklisting**

52.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint. To the extent that paragraph 52 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint. To the extent that

paragraph 53 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint. To the extent that paragraph 54 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 54 of the Complaint.

55.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the Complaint. Paragraph 55 of the Complaint also contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 55 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the Complaint. Paragraph 56 of the Complaint also contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 56 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Paragraph 57 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 57 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 57 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (Alleged FLSA Violations, 29 U.S.C. § 201 *et seq.*)

58.    Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

59.    Paragraph 59 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 59 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.    Paragraph 60 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 60 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.    Defendants deny the allegations contained in paragraph 61 of the Complaint.

62.    Defendants deny the allegations contained in paragraph 62 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 62 of the Complaint.

## SECOND CLAIM FOR RELEIF
### (Alleged New York Labor Law Violations)

63.    Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 65 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (Alleged New York Wage Notice Violations)

66.     Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

67.     Defendants deny the allegations contained in paragraph 67 of the Complaint.

68.     Defendants deny the allegations contained in paragraph 68 of the Complaint.

69.     Defendants deny the allegations contained in paragraph 69 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 69 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (New York Labor Law Spread of Hours Pay Claim)

70.     Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

71.     Paragraph 71 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 71 may be deemed to set

forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 71 of the Complaint.

72.     Defendants deny the allegations contained in paragraph 72 of the Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of the Complaint.

74.     Paragraph 74 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 74 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 74 of the Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 75 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (Alleged Assault and Battery)

76.     Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

77.     Defendants deny the allegations contained in paragraph 77 of the Complaint.

78.     Defendants deny the allegations contained in paragraph 78 of the Complaint.

79.    Defendants deny the allegations contained in paragraph 79 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 79 of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

80.    Defendants repeat, reallege, and reassert their responses to the foregoing paragraphs and such responses are incorporated by reference as if set forth in full.

81.    Defendants deny the allegations contained in paragraph 81 of the Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of the Complaint.

83.    Paragraph 83 of the Complaint contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 83 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 83 of the Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of the Complaint.

85.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 85 of the Complaint. Paragraph 85 of the Complaint also contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 85 may be deemed to set forth any allegations of fact to

which a response is required, Defendants deny the allegations contained in paragraph 85 of the Complaint.

86.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the Complaint. Paragraph 86 of the Complaint also contains legal conclusions to which no responsive pleading is required. To the extent that paragraph 86 may be deemed to set forth any allegations of fact to which a response is required, Defendants deny the allegations contained in paragraph 86 of the Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of the Complaint and deny that Plaintiff is entitled to any of the relief demanded in paragraph 87 of the Complaint.

## RESPONDING TO PRAYER FOR RELEIF

Defendants deny that Plaintiff is entitled to any of the relief demanded.

## HEADINGS

Defendant denies any allegations contained in any of the headings in the Complaint.

## DEFENSES

The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## AS AND FOR A FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

All actions taken by Defendants with regard to Plaintiff's alleged employment were taken for legitimate, nondiscriminatory reasons.

## AS AND FOR A THIRD DEFENSE

Plaintiff's claims are barred in whole, or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

Plaintiff's claims are barred because Plaintiff was paid all amounts due to Plaintiff under the law.

## AS AND FOR A FIFTH DEFENSE

Plaintiff cannot recover liquidated damages under the NYLL and/or FLSA because Defendants at all times acted in good faith and with the reasonable belief that their conduct was not in violation of NYLL.

## AS AND FOR A SXITH DEFENSE

Plaintiff's claims are barred or improper and/or must be dismissed because he was not an employee of Defendants.

## AS AND FOR AN SEVENTH DEFENSE

Plaintiff's claims may be barred to the extent Plaintiff did not complain of any alleged wage and hour violations to Defendants or its agents and give Defendants an opportunity to correct any alleged violations.

## AS AND FOR AN EIGHTH DEFENSE

Defendants did not engage in action(s) that were extreme, outrageous, reckless, or intended to cause distress.

## AS AND FOR A NINTH DEFENSE

Plaintiff has not suffered any damages as a result of the alleged wrongful conduct.

## AS AND FOR A TENTH DEFENSE

Upon information and belief, Plaintiff has failed to mitigate his alleged damages, any entitlement to which is expressly denied.

## AS AND FOR AN ELEVENTH DEFENSE

Plaintiff fails to state claim upon which an award of punitive damages may be granted.

## AS AND FOR A TWELVETH DEFENSE

Plaintiff fails to state a claim upon which an award of attorneys' fees and costs may be granted.

## AS AND FOR A THIRTEENTH DEFENSE

Plaintiff's claims are barred in whole, or in part, by the exclusive remedy provisions of applicable state workers' compensation laws.

## AS AND FOR A FOURTEENTH DEFENSE

If any damages or losses were sustained by Plaintiff, such damages or losses were caused or contributed to by Plaintiff's own actions, inactions, fault, lack of diligence, or failure to mitigate any of his alleged damages, and not by the actions or inactions of the Defendant.

## AS AND FOR A FIFTEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages under the NYCHRL, such claim is barred as Defendant did not engage in any willful, reckless, or malicious acts.

## AS AND FOR A SIXTEENTH DEFENSE

Defendant's liability and penalties, if any, under the NYCHRL should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of that statute.

## AS AND FOR A SEVENTEENTH DEFENSE

Plaintiff has not been subjected to any unequal treatment in the workplace.

## AS AND FOR AN EIGHTEENTH DEFENSE

The Court lacks subject matter jurisdiction over all or part of the Complaint.

## AS AND FOR A NINETEENTH DEFENSE

Any conduct to which Plaintiff was allegedly subjected constituted no more than petty slights and trivial inconveniences.

## AS AND FOR AN TWENTIETH DEFENSE

If and to the extent that any action(s) taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action(s) for nondiscriminatory reasons.

## AS AND FOR A TWENTY-FIRST DEFENSE

Plaintiff's claims are barred to the extent that the applicable administrative procedures and conditions precedent to Plaintiff's claims were not properly complied with prior to the commencement of this action.

## AS AND FOR A TWENTY-SECOND DEFENSE

Plaintiff is barred from asserting the claims in the Complaint by the doctrines of laches, waiver, equitable estoppel, and unclean hands.

## AS AND FOR A TWENTY-THIRD DEFENSE

To the extent Plaintiff intends to assert a pattern and practice claim, such claims are barred as a matter of law because individuals cannot maintain a private, non-class, pattern and practice claim.

## AS AND FOR A TWENTY-FOURTH DEFENSE

Plaintiffs' claims for compensation and barred because they are, in whole or in part, for non-working time**.**

## AS AND FOR A TWENTY- FIFTH DEFENSE

The Complaint or any relief sought by Plaintiff is barred, in whole or in part, by such additional defenses as Defendant may have that cannot now be articulated due to the generality of Plaintiff's pleadings and the fact that discovery has not been completed. Accordingly, Defendant reserves the right to supplement the foregoing and to raise additional defenses as may appear as the case progresses.

**WHEREFORE**, Defendants respectfully request that this Court enter an Order: (a) dismissing the Complaint in its entirety with prejudice; (b) awarding Defendants their costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

1. Counterclaim-Plaintiff Trevor Smith ("Smith") is an individual domiciled in New York, and a defendant in this action.

2. Counterclaim-Defendant Dashiel Gables ("Gables") is an individual domiciled in New York, and the plaintiff in this action.

3. This Court has supplemental jurisdiction over this Counterclaim pursuant to 28 U.S.C. § 1367 because it forms part of the same case or controversy as Plaintiff's claims.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the counterclaim occurred in this District and the parties reside or do business here.

## COUNTERCLAIM STATEMENT OF FACTS

5. On August 1, 2025, Gables filed a Complaint in this Court accusing Smith of, among other things, physically assaulting him, "routinely" assaulting employees, spitting in employees' faces, punching Gables "in the face twice," threatening to "bloody [his] face," intentionally and/or reckless engaging in "extreme and outrageous conduct that exceeded all bounds of decency tolerated in civilized society," demanding unlawful conduct, and committing wage theft and other unlawful employment practices (the "Accusations").

6. In conjunction with and following the filing of the Complaint, upon information and belief, Gables communicated and/or authorized the communication of the Accusations to reporters and third parties, including those focused on and/or engaged in the entertainment industry, and caused or encouraged publication of the Accusations in the news media and online (the "Publications").

7. The Publications, among other things, included statements to the effect that:

a. Smith "punched [Gables] in the face twice" in a Brooklyn lobby on or about January 10, 2025;

b. Smith "routinely assaulted employees," including "spitting in their faces" and "smacking the back of their heads;

c. Smith threatened employees with violence, including that he would "bloody [his] face" and obtain "street justice";

d. Smith engaged in criminal or unlawful conduct in his business dealings, including failing to pay lawfully required wages and intentionally "blacklisting" Gables from the industry.

8. The foregoing statements are statements of purported fact, not opinion or protected rhetorical hyperbole, and they are false. Smith did not assault or batter Gables, did not "routinely assault" or spit on employees, did not make the alleged threats, and did not commit the other wrongful acts asserted as facts by Gables.

9. The Publications were made and/or republished by Gables to third parties without privilege and with the intent and reasonable expectation that they would be further disseminated by the media and others. Republication by the media was a natural and foreseeable consequence of Gables' conduct, of which Gables was aware.

10. At the time he made or caused the Publications, Gables knew the statements were false, or acted with reckless disregard for the truth, including by fabricating allegations of criminal conduct and violence, omitting exculpatory facts, and deliberately ignoring contrary evidence. At a minimum, Gables acted negligently in ascertaining the truth.

11. Smith is a well-known recording artist and public figure. Gables made the Publications with actual malice as defined by New York and federal law.

12. The Accusations and Publications accuse Smith of serious crimes (assault and battery), professional misconduct, and conduct incompatible with his business, and are defamatory *per se*.

13. As a direct and proximate result of Gables' defamation, Smith suffered harm including, without limitation:

a. Loss of income and business opportunities;

b. Lost income and prospective economic advantage;

c. Damage to reputation, goodwill, and standing in the music and advertising industries;

d. Humiliation, embarrassment, and emotional distress;

14. Smith is entitled to presumed damages due to defamation *per se* and, in addition, seeks special damages in an amount to be proven at trial for the loss of the two advertising campaigns and other business opportunities.

15. Gables' conduct was willful, wanton, and malicious, warranting an award of punitive damages.

## COUNTERCLAIM

### Defamation

16. Smith repeats and realleges paragraphs 1–15 as if fully set forth herein.

17. Gables published and/or caused to be published false, defamatory statements of fact about Smith to third parties, without privilege or authorization.

18. The statements were at least negligent, and, given Smith's public-figure status and the nature of Gables' conduct, were made with actual malice.

19. The statements constitute defamation *per se* as they charged Smith with serious crimes and tended to injure him in his trade, business, and profession.

20. Smith has suffered presumed, general, special, and consequential damages in an amount to be determined at trial.

21. Gables' conduct was so egregious as to justify punitive damages.

## **Prayer for Relief**

WHEREFORE, Counterclaim-Plaintiff Trevor Smith respectfully requests judgment against Counterclaim-Defendant Dashiel Gables as follows:

A. Compensatory damages, including presumed and special damages, in an amount to be determined at trial;

B. Punitive damages;

C. Attorneys' fees and other costs and fees incurred in and related to this matter;

D. Pre- and post-judgment interest as allowed by law;

E. Costs of suit and such other and further relief as the Court deems just and proper.

F. To the extent permitted by law, an order directing Gables to retract and remove the defamatory statements and to request retractions by media outlets to which he provided the statements.

## **Jury Demand Counterclaim**

Counterclaim-Plaintiff demands a try by jury on all issues so triable.

.

Dated:  New York, New York
        October 13, 2025

Respectfully submitted,

KAUFF MCGUIRE & MARGOLIS LLP

By: */s/J. Patrick Butler*
    J. Patrick Butler

810 Seventh Avenue, 33rd Floor
New York, NY 10019
(212) 644-0714 (Tel)
(212) 644-3614 (Fax)
butler@kmm.com

Attorneys for Defendants Trevor Smith and
Starbus LLC