# EXHIBIT A

# FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS SEPARATION AGREEMENT AND RELEASE (the "Agreement") is entered into by Trevor Smith a/k/a Busta Rhymes, Starbus LLC and The Conglomerate Entertainment Inc. (hereinafter collectively referred to as "Defendants") and Dashiel Gables (hereinafter referred to as "Gables") (Gables and Defendants collectively referred to as the "parties").

## Recitals:

WHEREAS, Gables was employed regularly by the Employer as an assistant commencing on or about July 2, 2024;

WHEREAS, Gables's employment ceased on or about January 10, 2025 (the "Separation Date");

WHEREAS, on or about August 1, 2025, Gables filed a Complaint against Defendants in the Eastern District of New York under Case No. 25-cv-04328 ("the Action"), and thereafter filed an Amended Complaint on or about October 30, 2025, alleging *inter alia*, violations of the Fair Labor Standards Act (FLSA) and the New York State Labor Law (NYLL) and asserting claims of assault and battery and intentional infliction of emotional distress (the "Amended Complaint");

WHEREAS, on or about October 14, 2025, Defendant Smith filed a counterclaim of defamation against Gables;

WHEREAS, on April 22, 2025, the parties engaged in a mediation before Hon. Steven M. Gold (Ret.) at JAMS in New York City, at which mediation the parties agreed to resolve all of Gables's claims against Defendants pursuant to the terms set forth herein; and

WHEREAS, the parties wish to enter into agreements to clarify and resolve any disputes that may exist between them, including without limitation those arising out of the employment relationship and its termination, any continuing obligations of the parties to one another following the end of the employment relationship, the FLSA allegations, or otherwise; and

WHEREAS, the parties wish to enter into this agreement to clarify and resolve Gables' claims under the FLSA ("FLSA Agreement").

NOW, THEREFORE, in consideration of the foregoing recitals and the mutual promises contained below, it is agreed as follows:

## Agreements:

1. Termination Date. Gables's employment with Defendants terminated on the Separation Date (as defined above). Gables will have no further employment duties or responsibilities with respect to Defendants.

2. Consideration. In consideration of the promises contained herein, provided that Gables executes this Agreement and the Stipulation of Discontinuance (annexed hereto as **Exhibit A**), Defendants will provide Gables with the following Consideration:

(a) One lump sum payment on or before the seventh day following the Eastern District of New York's approval of the FLSA Agreement in the amount of Twelve Thousand Five Hundred Dollars ($12,500), minus applicable payroll/tax withholdings, for which an IRS Form W-2 shall be issued to Gables; and

(b) One lump sum payment on or before the seventh day following the Eastern District of New York's approval of the FLSA Agreement in the amount of Twelve Thousand Five Hundred Dollars ($12,500), for which Defendants shall issue an IRS Form 1099-Misc, with the amount reported in Box Number 3, "other income" as per IRS guidelines regarding settlements, and as required by law (the two payments collectively herein referred to as the "FLSA Settlement Amount"). It will be Gables' sole responsibility to pay the applicable income and other taxes due, if any, on account of this payment. Gables shall indemnify and hold the Released Parties harmless from and against any and all loss, cost, damage, expense, or other liability, including without limitation interest, assessments, and penalties, arising out of any dispute over the tax treatment of any payment made to him on a Form 1099.

3. Valid Consideration. Gables and Defendants agree that the Consideration described in paragraph 2 is not required by policy or procedures or by any contractual obligation of Defendants and is offered by Defendants solely as consideration for this FLSA Agreement.

4. Stipulation of Discontinuance. Contemporaneously with the execution of this Agreement, the Parties shall cause to be executed a Stipulation of Discontinuance with prejudice, annexed hereto as **Exhibit A**. Gables shall hold the fully executed Stipulation of Discontinuance in escrow pending receipt of the FLSA Settlement Amount by Defendants. Upon receipt of the full FLSA Settlement Amount (i.e., $25,000), Gables shall file the Stipulation of Discontinuance with the Court and shall deliver to Defendants, or their designated counsel, a copy of the Stipulation as filed with the Court.

5. *Cheeks* Motion. In response to the Court's April 30, 2026 order (Dkt. No. 29), Plaintiff shall submit to the Court an application for review and approval of the FLSA Settlement, pursuant to the requirements set forth in *Cheeks v. Freeport Pancake House, Inc.*, which approval Plaintiff shall recommend and support.

6. No Admissions. This Agreement is not and should not be construed as an admission or statement by any party that it or any other party has acted wrongfully or unlawfully. All parties expressly deny any wrongful or unlawful action.

7. Waiver and Release. In exchange for the Consideration described in paragraph 2 above, Gables releases and forever discharges Defendants, individually and collectively, and each of their former or current directors, officers, employees, stockholders, managers, agents, successors, predecessors, subsidiaries, affiliates, assigns, representatives and attorneys (the "Released

Parties") from any and all charges, claims, damages, injury and actions, in law or equity, which Gables or Gables's heirs, successors, executors, or other representatives ever had, now have, or may have by reason of any act, omission, matter, cause or thing through the Effective Date of this Agreement, except Gables's non-FLSA claims.

This release expressly includes any claim arising under the Fair Labor Standards Act ("FLSA"); the New York State Labor Law ("NYLL"); and all other state, local, and federal wage and hour laws; and any amendments to any of the foregoing.

The waiver and release contained in this paragraph 7 shall not waive or release claims where the events in dispute first arise after the Effective Date, nor shall it preclude Gables or Defendants from filing a lawsuit for the exclusive purpose of enforcing their respective rights under this Agreement.

8. Release of Unknown Claims. It is the intention of Gables and Defendants that this Agreement shall be effective as a bar to each and every claim, demand, or cause of action it releases. Gables recognizes that he may have some claim, demand, or cause of action against Defendants (or an individual Defendant) or another Released Party for any violation of the NYLL or the FLSA of which Gables is totally unaware and unsuspecting which Gables is giving up by execution of the General Release. Gables understands that executing this Agreement will deprive Gables of each such claim, demand or cause of action.

9. Return of Property. Gables shall promptly return to Defendants any and all documents, records, data, or other non-public information that is recorded in any manner and was furnished to Gables either in connection with his employment or this Action, or which was produced by Gables in connection with Gables's employment.

10. Confidentiality. Gables agrees that he will keep the terms of this Agreement, including the amount of the Consideration, completely confidential, and will not disclose any information concerning this Agreement or its terms or the circumstances leading to its execution to anyone other than: (a) Gables's spouse, legal counsel, and/or financial advisors, who will be informed of and bound by this confidentiality clause; (b) the Court; (c) in the context of enforcing or seeking enforcement of Gables's rights under this Agreement; or (d) as required by law. Gables understands and agrees that in the course of his employment with Defendants, Gables became aware of proprietary and confidential information concerning the Defendants, all of which he shall keep confidential before and after the execution of this Agreement.

11. Gables Representations. Gables acknowledges that he has been paid in full for all hours he worked through the date this Agreement is executed by Gables, has received all compensation of any kind which Gables is entitled to receive from Defendants through the date this Agreement is executed by Gables. Gables also warrants that he has not been denied any leave to which he is entitled. Gables warrants that he has not filed any claim or complaint with any court, agency or in any other forum relating to, or arising from, his employment with Defendants other than the Amended Complaint, which he is withdrawing with prejudice.

12. Non-Disparagement. Gables agrees to refrain from making any remarks or comments that may disparage any Released Party. Defendant Smith agrees to refrain from making any disparaging remarks or comments with regard to Gables. Nothing in this paragraph shall restrict Gables or Defendants from making truthful statements in connection with the prosecution or defense of any lawsuit, administrative proceeding, or other legal action or in response to any legal or regulatory inquiry.

13. Communications with Administrative Agencies and Other Third Parties.

(a) Nothing in this Agreement precludes or is intended to preclude Gables from (i) filing or initiating a complaint and/or charge with any federal, state, or local governmental agency; (ii) testifying, participating or cooperating in connection with an investigation by such an agency; (iii) engaging in activities protected by state or federal law, including the National Labor Relations Act; or (iv) disclosing information concerning claims of sexual assault or sexual harassment first asserted after the Effective Date of this Agreement. Should any complaint or charge be brought with any agency against any Defendant concerning Gables's employment or the cessation thereof (or any other matter released pursuant to this Agreement), Gables waives the right (unless such waiver is prohibited by applicable law) to any and all compensation, monetary relief or any other individual remedy in connection with such complaint or charge, regardless of who brings any such complaint or charge, provided, however, that this Agreement does not limit Gables' right to receive an award for information provided to the SEC, the Financial Industry Regulatory Authority ("FINRA"), or any other securities regulatory agency or authority, or as otherwise required by applicable law.

(b) Notwithstanding any other provision of this Agreement, pursuant to the Economic Espionage Act of 1996, as amended by the Defend Trade Secrets Act of 2016, Gables will not be held criminally or civilly liable under any federal or state trade secret law for any disclosure of a trade secret that: (i) is made in confidence to a federal, state, or local government official, either directly or indirectly, or to an attorney, and solely for the purpose of reporting or investigating a suspected violation of law; or (ii) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Without limiting the release set forth in Section 7 and the provisions of subparagraph (a), if Gables files a lawsuit for alleged retaliation by any Defendant for reporting a suspected violation of law, Gables may disclose any Defendant's trade secrets to Gables's Counsel and use the trade secret information in the court proceeding if Gables: (i) files any document containing the trade secret under seal; and (ii) does not disclose the trade secret, except pursuant to court order.

14. Severability. The provisions of this Agreement are severable, and if any part of it is found to be unlawful or unenforceable, the other provisions of this Agreement shall remain fully valid and enforceable to the maximum extent consistent with applicable law.

15. Knowing and Voluntary Agreement. Gables represents and agrees that Gables has read this Agreement, understands its terms and the fact that it releases claims Gables might have against Defendants and the other Released Parties, has been advised to consult counsel of his choice and has done so, and enters into this Agreement without duress or coercion from any source.

16. Section 409A Compliance.

(a) This Agreement is intended to comply with the requirements of Section 409A of the Internal Revenue Code of 1986, as amended ("Section 409A"), including the exceptions thereto, and shall be construed and administered in accordance with such intent. Notwithstanding any other provision of this Agreement, payments provided under this Agreement may only be made upon an event and in a manner that complies with Section 409A or an applicable exemption. Any payments under this Agreement that may be excluded from Section 409A either as separation pay due to an involuntary separation from service or as a short-term deferral shall be excluded from Section 409A to the maximum extent possible. For purposes of Section 409A, each installment payment provided under this Agreement shall be treated as a separate payment. Any payments to be made under this Agreement in connection with a termination of employment shall only be made if such termination of employment constitutes a "separation from service" under Section 409A. Notwithstanding the foregoing, Defendants make no representation that the payments and benefits provided under this Agreement comply with Section 409A and in no event shall any Defendant be liable for all or any portion of any taxes, penalties, interest or other expenses that may be incurred by Gables on account of non-compliance with Section 409A.

(b) To the extent required by Section 409A, each reimbursement or in-kind benefit provided under this Agreement shall be provided in accordance with the following:

(i) the amount of expenses eligible for reimbursement, or in-kind benefits provided, during each calendar year cannot affect the expenses eligible for reimbursement, or in-kind benefits to be provided, in any other calendar year.

(ii) any reimbursement of an eligible expense shall be paid to Gables on or before the last day of the calendar year following the calendar year in which the expense was incurred; and

(iii) any right to reimbursements or in-kind benefits under this Agreement shall not be subject to liquidation or exchange for another benefit.

17. Enforcement and Applicable Law. The parties agree to attempt to resolve any disputes arising under this Agreement through mediator Hon. Steven M. Gold (Ret.). Any unresolved disputes shall be made directly with the federal court of competent jurisdiction in the State of New York. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without reference to conflict of law principles.

18. Counterparts. This Agreement may be signed by the parties in separate counterparts and shall be just as enforceable and binding as if signed in one complete document. Signatures delivered by facsimile transmission or by e-mail of a PDF, or other similar data file, shall be given the same force and effect as originals.

19 Entire Agreement. This Agreement sets forth the entire understanding between Gables and Defendants and supersedes any prior agreements or understandings, express or implied, pertaining to the terms of Gables's employment, the termination of the employment relationship

or otherwise, except for any of Gables's confidentiality obligations and the Confidential Settlement Agreement between the parties. Gables acknowledges that in executing this Agreement, Gables does not rely upon any representation or statement by any representative of Defendants concerning the subject matter of this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Agreement as of the dates indicated below.

**TREVOR SMITH/STARBUS LLC/CONGLOMERATE ENTERTAINMENT INC.**

Signed by:

132F456F44AE4A9...

Individually and for Starbus and The Conglomerate Entertainment Inc.

Dated: 5/27/2026

**DASHIEL GABLES**

DocuSigned by:

F6E23C7E64A541E...

Dated: 5/27/2026

**Exhibit A**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DASHIEL GABLES,

Plaintiff,

-against-

TREVOR SMITH a/k/a BUSTA RHYMES and STARBUS LLC,

Defendants.

**STIPULATED OF DISMISSAL WITH PREJUDICE**

Case No. 1:25-cv-04328 (LDH) (MMH)

**WHEREAS**, Plaintiff, DASHIEL GABLES, commenced this action against Defendants, TREVOR SMITH a/k/a BUSTA RHYMES and STARBUS LLC, by filing a Summons and Complaint in the United States District Court for the Eastern District of New York, on August 4, 2025;

**WHEREAS**, Plaintiff filed an Amended Complaint on October 30, 2025;

**WHEREAS**, the parties now desire to resolve the issues raised in this action, without further proceedings and without admitting any fault or liability;

**WHEREAS**, no party to this action is an infant, incompetent person for whom committee has been appointed or conservatee, and person not a party has an interest in the subject matter of this action;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for plaintiff and defendants, as follows:

1. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure Plaintiff hereby withdraws, with prejudice, the claims he has asserted against the

Docusign Envelope ID: C9F466A0-3659-83F8-81FA-48BA1E004BBA

defendants in this action and all claims asserted against the defendants are hereby dismissed with prejudice;

2. Defendants withdraw, with prejudice, the counterclaim they asserted against Plaintiff in this action,
3. The above-referenced action is hereby withdrawn, discontinued, and dismissed with prejudice, without costs, expenses, or fees to any party, and an order to that effect may be entered without further notice.

Dated: New York, New York

__________ ___, 2026

Vishnick McGovern Milizio LLP

____________________________

Andrew A. Kilmer

3000 Marcus Avenue, Suite 1E9
Lake Success, NY 11042
(516) 437-4395 ext. 119
agefen@vmmlegal.com

Kauff McGuire & Margolis LLP

____________________________

Edwar Estrada

810 Seventh Avenue, 33rd Floor
New York, New York
(212) 909-0709
estrada@kmm.com